UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

KENDRICK E. DULDULAO,

    Plaintiff,

vs.

GOLD CLUB TAMPA, INC., a Florida corporation
d/b/a TAMPA GOLD CLUB,

    Defendant.
_____/

## COMPLAINT

Plaintiff, KENDRICK E. DULDULAO, (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues GOLD CLUB TAMPA, INC., a Florida corporation d/b/a TAMPA GOLD CLUB, (hereinafter the "Defendant"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

1

2. Venue is proper in this Court, Middle Division pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in Hillsborough County, Florida.

3 At the time of Plaintiff's visit to TAMPA GOLD CLUB prior to instituting the instant action, KENDRICK E. DULDULAO (hereinafter referred to as "DULDULAO") was a resident of the State of Florida, suffered from what constitutes a "qualified disability" under the Americans With Disability Act of 1990, and used a wheelchair for mobility, the Plaintiff personally visited TAMPA GOLD CLUB but was denied full and equal access to, and full and equal enjoyment of, the facilities within TAMPA GOLD CLUB which is the subject of this lawsuit.

4. The Defendant, GOLD CLUB TAMPA, INC., a Florida corporation d/b/a TAMPA GOLD CLUB, is authorized to conduct, and is conducting business within the State of Florida. Upon information and belief, GOLD CLUB TAMPA, INC., is the lessee and/or lessor, owner and/or operator of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the establishment commonly referred to as TAMPA GOLD CLUB located at 6222 East Adamo Drive, Tampa, Florida (hereinafter and heretofore referred to as "TAMPA GOLD CLUB") which also maintains and controls the Subject Facility

5. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises is located in Hillsborough County in the Middle District.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

7. Congress found, among other things, that:

> (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
>
> (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
>
> (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;
>
> (iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,
>
> (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

8. Congress explicitly stated that the purpose of the ADA was to:

barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

13. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at TAMPA GOLD CLUB. Prior to the filing of this lawsuit, the Plaintiff visited the subject property and was denied full and safe access to all the benefits, accommodations and services of the Defendant, GOLD CLUB TAMPA, INC. Prior to the filing of this lawsuit, DULDULAO personally visited TAMPA GOLD CLUB with the intention of using Defendant's facilities, but was denied full and safe access to the facilities of TAMPA GOLD CLUB and therefore suffered an injury in fact. As stated herein, the Plaintiff has visited the Subject Facility in the past, resides within a relatively short driving distance to said Subject Facility, and Plaintiff plans to immediately return to the Subject Facility, immediately upon it being made accessible. Notwithstanding Plaintiff's plans of immediate return, upon the Subject Facility being made accessible, Plaintiff is likely to be subjected to continuing discrimination at the Subject Facility unless it is made readily accessible to and usable by individuals with disabilities to the extent required by the ADA, including the removal of the architectural barriers which remain at the Subject Facility.

14. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which

said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

15. The Defendant's Subject Facility is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

(i) Failure to provide access to the VIP room, due to a flight of stairs leading to said VIP room, and the failure to install a ramp with appropriate slope and signage, and/or otherwise provide an accessible and properly designated entrance, as required by 28 C.F.R. Part 36. These stairs represent an insurmountable barrier to independent access to the VIP room by the Plaintiff and other individuals who use wheelchairs.

(ii) The reception counter located at Subject Facility is inaccessible, in violation of 28 C.F.R. Part 36, Section 7.2(2), which requires that a portion of the main counter which is a minimum of 36 inches (915 mm) in length shall be provided with a maximum height of 36 inches (915 mm); or an auxiliary counter with a maximum height of 36 inches (915 mm) in close proximity to the main counter; or an equivalent facilitation.

(iii) Failure to provide safe access to the stage located at the Subject Facility due to steps up to said stage and the failure to install a ramp with appropriate slope and signage, and/or otherwise provide an accessible and properly designated entrance, as required by 28 C.F.R. Part 36. These steps represent an insurmountable barrier to independent entry by the Plaintiff and other individuals who use wheelchairs.

(iv)     Failure to provide the required underside accessible clearance of at least 29 inches above the finished floor to the bottom of the apron under the pedestal based lavatory for accessibility in compliance with 28 C.F.R. Part 36, Section 4.1 and Section 4.19.2.

(v)      Failure to install the required rear grab bar around accessible toilet in accordance with 28 C.F.R. Part 36, Section 4.17.6.

(vi)     Failure to install the required side grab bar around accessible toilet in accordance with 28 C.F.R. Part 36, Section 4.17.6.

(vii)    Failure to provide adequate directional and accurate informational signage throughout the Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

(viii)   Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

(ix)     Failure to provide designation of "van accessible" at the handicap parking as required by 28 C.F.R. Part 36.

16.     Upon information and belief, there are other current violations of the ADA at TAMPA GOLD CLUB. The discriminatory violations described above, in paragraph 15, are not an exclusive list of the ADA violations at the Subject Facility, and Plaintiff requires an inspection of the Subject Facility in order to determine all of the discriminatory acts violating the ADA.

17.     To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate

compliance with the provisions of the ADA. The barriers to access at the Subject Facility, as described above, have severely diminished Plaintiff's ability to avail himself of the goods and services offered at the Subject Facility, and compromise his safety.

18. Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.304, the Defendant was required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendant has failed to comply with this mandate.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

20. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendant and requests the following injunctive and declaratory relief:

A. The Court declares that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendant is violative of the ADA;

B. The Court enter an Order requiring the Defendant to alter its facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

C.  The Court enter an Order directing the Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the Subject Facility;

D.  The Court award reasonable attorney's fees, all costs(including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

E.  The Court award such other and further relief as it deems necessary, just and proper.

Dated this 23rd day of June, 2011.

Respectfully submitted,

By: /s/ B. Bradley Weitz
B. Bradley Weitz, Esq.
Florida Bar No. 479365
THE WEITZ LAW FIRM, P.A.
Attorney for Plaintiff
Bank of America Building
18305 Biscayne Blvd., Suite 214
Aventura, Florida 33160
Telephone: (305) 949-7777
Facsimile: (305) 704-3877
Email: bbw@weitzfirm.com